Filed 10/6/25  P. v. Burr CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEBBIE LEE BURR,<br><br>    Defendant and Appellant. | F089003<br><br>(Super. Ct. No. PCF455534)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Tulare County.  Robert Anthony Fultz, Judge.

Monica McMillan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Snauffer, J. and Fain, J.†

†        Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

# **INTRODUCTION**

A jury convicted Debbie Lee Burr (appellant) of criminal threats (Pen. Code, § 422, subd. (a); count 1)[1] with a use of a deadly weapon enhancement (§ 12022, subd. (b)(1)) and a hate crime enhancement (§ 422.75, subd. (a)), and misdemeanor violation of civil rights (§ 422.6, subd. (a); count 2). Appellant also admitted a prior strike conviction allegation. The trial court sentenced appellant to seven years in state prison.

On appeal, appellant's appointed counsel filed a brief with this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no error and asking this court to review the record and determine if there are any reasonably arguable issues on appeal. Appellant was afforded an opportunity to submit a supplemental letter or brief but failed to do so in the time allotted.

We have conducted an independent review of the record and find no error. We affirm.

# **BACKGROUND**

Appellant and B.S. lived in the same apartment building. B.S. is an elderly African American woman. B.S. testified that during the nine months leading up to the charged offenses, appellant repeatedly harassed her and called her racial slurs. She described one incident in which appellant approached her outside of the apartment building, threw coins at her, and said, "Fuck you, [N-word]," and "I'm going to throw you a penny for your thought, bitch." B.S. responded by pushing appellant to the ground.

On the morning of June 4, 2024, B.S. was standing in front of her apartment building talking with her husband and a friend. B.S. heard appellant yelling racial slurs, then turned and saw her walking toward the apartment building waiving a pocketknife with a three- to four-inch blade. Appellant stopped in front of the apartment building

---

**1** All further statutory references are to the Penal Code unless otherwise indicated.

entrance, waived the knife at B.S., and continued to yell racial slurs. At one point, appellant yelled, "Come on, you fucking [N-word], I'll fucking kill you." B.S. testified she was scared, and believed appellant was going to stab her.

Appellant eventually went into the apartment building. B.S. waited until appellant moved away from the door, then went into the apartment building to ask the office for help and to call the police. When B.S. entered the lobby, appellant again pointed the knife at her and continued to call her racial slurs. B.S. cursed back at appellant. A maintenance employee for the apartment building separated them, then called the police.

An officer arrived soon after, and appellant was arrested. While appellant was being transported to jail, she told the officer that she was "part of the KKK, Aryan Brotherhood, an also part of the Hells Angels."

Appellant testified she showed B.S. the knife because she "wasn't going to get jumped again." She admitted she called B.S. the "N-word," but denied being prejudiced.

The jury convicted appellant as charged.[2] At sentencing, the trial court denied appellant's request to dismiss her prior strike finding pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. The court then sentenced appellant to an aggregate term of seven years in state prison as follows. On count 1, the court imposed the middle term of two years, doubled to four years for the prior strike conviction. (§§ 667, subd (e)(1), 1170.12, subd. (c)(1).) For the use of a deadly weapon enhancement (§ 12022, subd. (b)), the court imposed an additional consecutive term of one year. For the hate crime enhancement (§ 422.75, subd. (a)), the court imposed the middle term of two years, also to be served consecutively. On count 2, the court imposed no custody time.

---

[2]    During trial, appellant was out of custody on "Supervised Own Recognizance Release." Appellant did not return to court when the jury announced its verdict, and the trial court issued a no-bail bench warrant. Appellant was arrested four days later and remained in custody through sentencing.

## **DISCUSSION**

As noted above, appellant's counsel filed a *Wende* brief identifying no error and asking this court to review the record to determine whether there are any arguable issues on appeal. We have conducted an independent review of the record. We find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.